IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00210-BNB

JEFFREY BARTOSIEWICZ,

    Plaintiff,

v.

MESA COUNTY MEDICAL PROVIDER, official capacity,
STAN HILKEY, individual capacity,
OFFICE [sic] MILLER, individual capacity,
CATHY VELDA, individual capacity,
DR. HOLMES, individual capacity, and
SUE GRIMBY, individual capacity.

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 5 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Jeffrey Bartosiewicz is a prisoner who currently is incarcerated at the Mesa County Detention Center in Grand Junction, Colorado. He filed **pro se** a complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343 (1993). He also appears to be attempting to assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367 (1993).

The Court must construe the complaint liberally because Mr. Bartosiewicz is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Bartosiewicz will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the Mesa County Detention

Facility's administrative grievance procedure.

The Court has reviewed the complaint and has determined that the complaint is deficient. Mr. Bartosiewicz is suing an improper party. The Mesa County medical provider is not a proper Defendant in this action. The Mesa County medical provider does not appear to be separate from Mesa County, and thus, is not a person under 42 U.S.C. § 1983. **See Stump v. Gates**, 777 F. Supp. 808, 814-16 (D. Colo. 1991), **aff'd**, 986 F.2d 1429 (10th Cir. 1993). The claims asserted against the Mesa County medical provider must be considered as asserted against Mesa County.

Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989). Mr. Bartosiewicz cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See Monell**, 436 U.S. at 694.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v.**

***ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Bartosiewicz fails to set forth a short and plain statement of his claims showing that he is entitled to relief. ***See*** Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim clearly and succinctly, Mr. Bartosiewicz offers chronological recitations of acts or events without stating clearly how his constitutional right or rights were violated. The Court has done its best to summarize his assertions.

Mr. Bartosiewicz asserts three claims with various subclaims, each of which concerns his medical treatment. He complains that, upon his October 24, 2005, transfer to the Mesa County Detention Center, he was denied for over a month the medication he had received for two years for a purpose he fails to explain. He also alleges that on November 25, 2005, while he was using the bathroom, his ankle gave out, causing him to twist his knee and fall backwards on to the concrete bunk, injuring his elbow, left ankle, and back. He complains that he was not seen by Defendant Dr. Holmes until November 30, 2005, and alleges that Dr. Holmes again examined him on December 20 and 28, 2005, and on January 23, 2006. He wants to be referred to a

3

private orthopedic physician for his knee, and apparently is unable to obtain such a referral. On the basis of these allegations, he appears to allege that he has been subjected to deliberate indifference to his serious medical needs and to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

Mr. Bartosiewicz apparently expects the Court to sift through his allegations to determine who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Bartosiewicz's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither Defendants nor the Court is required to do this work for him.

Mr. Bartosiewicz's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. See *Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Bartosiewicz should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific factual allegations that demonstrate how the particular defendant or defendants violated Mr. Bartosiewicz's rights. He will be directed to do so below.

In the amended complaint he will be directed to file, Mr. Bartosiewicz must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. He is directed to include facts pertinent to each claim with each claim.

In addition, it appears that Mr. Bartosiewicz has failed to demonstrate exhaustion of each of his claims and subclaims through the Mesa County Detention Center grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, see *Booth v. Churner*, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. See *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Bartosiewicz is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Bartosiewicz must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, § 1997e(a) imposes a

total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Bartosiewicz has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

Mr. Bartosiewicz alleges that he exhausted the available administrative remedies but still is not receiving medical attention. From this response, and because of the verbosity of Mr. Bartosiewicz's complaint, the Court is unable to determine if he has exhausted each claim he intends to assert. Mr. Bartosiewicz fails to describe with specificity the claims he has attempted to exhaust through the grievance procedure or to attach copies of administrative proceedings pertinent to claims asserted in the complaint. Therefore, Mr. Bartosiewicz will be ordered to show cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the Mesa County Detention Facility's grievance procedure as to each of his asserted claims.

Finally, Mr. Bartosiewicz is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Bartosiewicz should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Bartosiewicz file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to demonstrate exhaustion of the Mesa County Detention Facility's

administrative remedy procedure. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Bartosiewicz, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Bartosiewicz submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Bartosiewicz fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00210-BNB

Jeffrey Bartosiewicz
Prisoner No. 203389
Mesa County Detention Center
PO Box 20,000-5017
Grand Junction, CO 81502

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/15/06

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk